ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERTO ORTEGA-RAMIREZ, ) | |
| ) | CASE NO. 4:05CV1398 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| RANDALL MICHAEL, *et al.*, ) | JUDGMENT |
| ) | |
| Defendants. ) | |
| ) | |

On May 8, 2005, pro se Plaintiff Roberto Ortega-Ramirez filed this action against Defendants Randall Michael and Kim Michael. The action sets forth both a state law claim for fraud and a federal claim for mail fraud. After reviewing the Complaint, the Court finds that it must be dismissed because the Court lacks subject matter jurisdiction over both of Plaintiff's claims.

It is well established that the Court must construe pro se pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, the Court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, Plaintiff states that the Court has subject matter jurisdiction because the parties are diverse and because the case presents a federal question. *See generally* 28 U.S.C. §§ 1331, 1332. However, the Court has no diversity jurisdiction over Plaintiff's state law claim because he pleads less than the federal amount in controversy. 28 U.S.C. § 1332(a) ("The district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . .") Specifically, Plaintiff requests $4,000 for compensatory damages and $4,000 for punitive damages. This amount is well below the amount required for diversity jurisdiction.

The Court also has no federal question jurisdiction over Plaintiff's claims because his Complaint cannot be construed to raise a federal question. Plaintiff's potential ground for federal question jurisdiction is mail fraud. Mail fraud, however, is a criminal offense for which there is no private right of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 384 (6th Cir. 1997).

Plaintiff's Complaint, therefore, is dismissed.

IT IS SO ORDERED.

| | |
|---|---|
|   June 7, 2005   |   */s/ John R. Adams*   |
| Date | John R. Adams |
| | U.S. District Judge |